**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICK G. WALTERS, individually and as )<br>Trustee of the Spencer Irrevocable Trust, )<br>)<br>Defendant. ) | Case No.  10-CV-229-TCK-PJC |

**OPINION AND ORDER**[1]

Before the Court is Plaintiff the United States' Motion to Strike Jury Demand (Doc. 77), wherein the United States moves the Court to strike Defendant Patrick Walters' jury demand on the United States' third claim for relief.

First, the Court construes the United States' third claim for relief, entitled "breach of contract and fiduciary duties," as one for breach of trust arising under Okla. Stat. tit. 60, § 175.57. Despite the inartful heading, the third claim for relief alleges that Walters violated his general duties to the United States as a beneficiary and is therefore properly construed as a claim for "breach of trust" under Oklahoma law. *See* Okla. Stat. tit. 60, § 175.57 ("A violation by a trustee of a duty the trustee owes a beneficiary is a breach of trust."); Restatement (Second) of Trusts § 197 (explaining that claim against trustee who fails to perform his duties as trustee generally sounds in equity and not contract).

Second, the Court finds that a claim for breach of trust under Oklahoma law is equitable in nature, even where money damages are sought. *See Chase v. Chase,* 387 P.2d 491, 494 (Okla. 1963)

---

[1] The Court's prior Orders dated October 2, 2012 and November 12, 2012 are incorporated herein by reference, and this Opinion and Order assumes knowledge of their terms and holdings.

(claim for breach of trust is equitable in nature, even where recovery of money is sought); *Robinson v. Kirbie*, 793 P.2d 315, 318 (Okla. Civ. App. 1990) (explaining that remedies for breach of trust are equitable in nature); *see also Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1357 (10th Cir. 2009) (explaining that courts of equity have exclusive jurisdiction over virtually all actions brought by beneficiaries for breach of trust and that a request for money damages does not alter the equitable nature of the claim); Restatement (Second) of Trusts § 197 (stating general rule that "remedies of the beneficiary against the trustee are exclusively equitable" and that "questions of the administration of trusts have always been regarded as of a kind which can be adequately dealt with in a suit in equity rather than in an action at law").  Because it is an equitable claim, Walters does not have a Seventh Amendment right to jury trial on the third claim for relief.  *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1161 (10th Cir. 1998) (finding that the plaintiff did not have a Seventh Amendment right to jury trial where action was "analogous to a trust action and therefore equitable in nature").

Finally, the Court rejects Walters' argument that he is entitled to a jury trial based on the fraudulent transfer claim.  This claim has been decided by the Court as a matter of law, and the only question reserved by the Court is whether it will exercise equitable powers to increase Walters' individual liability after hearing the United States' evidence of alleged bad faith and self-dealing. This is a purely equitable question that will be decided by the Court.

Plaintiff the United States' Motion to Strike Jury Demand (Doc. 77) is GRANTED.  The trial scheduled for January 22, 2013 shall be a bench trial to the Court on Count 3 of the Complaint and certain equitable questions relevant to Count 1 of the Complaint.  The Court sets the following pretrial deadlines:

| | |
|---|---|
| Revised Proposed Pretrial Order | January 14, 2013 |
| Trial Briefs | January 14, 2013 |

The Court will order proposed Findings of Fact and Conclusions of Law following trial. This matter is referred to Magistrate Judge Paul Cleary to set a settlement conference in advance of the trial date.

**IT IS SO ORDERED this 21st day of December, 2012.**

**TERENCE KERN**
**United States District Judge**