IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CV-229-TCK-PJC |
| ) | |
| PATRICK G. WALTERS, individually and as ) | |
| Trustee of the Spencer Irrevocable Trust, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**[1]

Before the Court is Defendant Patrick G. Walters' Motion for Reconsideration Or, in the Alternative, For Certification of an Interlocutory Appeal ("Motion to Reconsider") (Doc. 88). Therein, Walters argues that the United States' claim for breach of trust, which is set for a bench trial to begin January 23, 2013, is barred by the doctrine of claim preclusion. Walters made this argument in his motion for summary judgment, but it has not yet been addressed by the Court.[2] Therefore, this Opinion and Order addresses whether the United States' breach of trust claim is barred by the doctrine of claim preclusion based upon the 2005 State Court Action. In reaching its decision, the Court has considered arguments made in the original briefing and the Motion to Reconsider.

---

[1] The Court's prior Orders dated October 2, 2012, November 20, 2012, and December 21, 2012 are incorporated herein by reference, and this Opinion and Order assumes knowledge of their terms and holdings.

[2] In ruling upon the transferee liability claim, the Court rejected Walters' claim preclusion defense, (*see* Doc. 80, at 17 n.6.), and "claim splitting" defense (*see* Doc. 80, at 9). The Court has not explicitly addressed claim preclusion in relation to the 2005 State Court Action and the United States' breach of trust claim. Because the Court agrees with Walters that the issue was raised but not addressed, the Court is not "reconsidering" a prior ruling but is instead issuing a ruling in the first instance.

**I.      Claim Preclusion**

A "state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts." *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-81 (1985). A federal court must "look first to state preclusion law in determining the preclusive effects of a state court judgment." *Id.* at 381. Under Oklahoma law, the elements of claim preclusion are: "1) an identity of subject matter, of the parties or their privies, of the capacity of the parties and of the cause of action; 2) the court which heard the original action must have been one of competent jurisdiction; and 3) the judgment rendered must have been a judgment on the merits of the case and not upon purely technical grounds."[3] *Carris v. John R. Thomas and Assocs., P.C.*, 896 P.2d 522, 527 (Okla. 1995).

The United States' argues that Walters cannot demonstrate the first element. The United States was not a party to the 2005 State Court Action. Walters argues that the United States was a "constructive party" to the litigation based upon its service of a notice of levy upon Walters, (*see* Notice of Levy, Ex. 5 to Mot. to Reconsider), and its filing of a notice of levy in the state court action (*see* 2005 State Court Action Docket Sheet, Ex. 3 to Mot. to Reconsider, at 2/1/08 Entry). Alternatively, Walters argues that the United States was in privity with Spencer based on its status as a successor to Spencer's interest in the 2005 State Court Action, based on its status as a

---

[3] The judgment in the 2005 State Court Action was entered based upon Spencer's failure to respond to Walters' motion for summary judgment. Under Oklahoma law, such a judgment is considered on the merits. *See Union Oil Co. of Cal. v. Bd.. of Equalization of Beckham Cty.*, 913 P.2d 1330, 1334 (Okla. 1996) (holding that the granting of a summary judgment motion is an adjudication on the merits even when no response is made to the motion). Therefore, the United States has no basis for challenging the third element.

beneficiary of the Trust, or based on "virtual representation" by Spencer. The Court rejects all arguments.

    A.    <u>Constructive Party</u>

Filing a notice of levy renders the property levied to be in "constructive possession" of the United States. *See Phelps v. United States*, 421 U.S. 330, 334 (1975) ("The levy . . . created a custodial relationship between the assignee and the United States and thereby reduced the $38,000 to the United States' constructive possession."). This concept has been extended to a taxpayer's interest in pending litigation, although the IRS is only deemed in possession of a contingent interest known at common law as a "chose in action." *United States v. Morey*, 821 F. Supp. 1438, 1442 (W.D. Okla. 1993) (holding that the delinquent taxpayer's estate in a lawsuit held an interest known at common law as a "chose in action" and that, upon filing a notice of levy, the IRS succeeded to such interest) (but also holding that "[a]ny obligation arising thereunder was not vested, or fixed and determinable on the date of levy" and that taxpayer's estate's subsequent retention of settlement proceeds did not violate federal tax law); *In re Birco Min. Co., Inc.*, 14 B.R. 1017, 1019 (D. Ala. 1981) (agreeing with the United States' argument that service of the notice of levy effected a transfer to the United States of the taxpayer's rights to potential recovery in a contingent lawsuit and classifying such interest as a "chose in action").

Walters has not cited any case standing for the proposition that the United States' possession of a contingent interest in Spencer's litigation against Walters, gained by virtue of filing a notice of levy, bars it from future recovery against Walters. And the United States presented authority reaching the opposite result. *See, e.g., United States v. Peabody Constr. Co.*, 2004 WL 557321, at *1 (D. Mass. Feb. 22, 2004) (United States had filed notice of levy in prior litigation and then sought

payment of the same amount in subsequent litigation) ("The present case falls outside the doctrine of collateral estoppel for the simple reason that the United States has not litigated the relevant issues at all, nor was it in privity with Peabody Construction."). Further, applying the reasoning in *Morey*, if the United States only came into possession of a contingent interest and therefore did not have first priority to settlement proceeds, the United States should not be deemed to have come into constructive possession of a judgment against Spencer entered after the United States filed its notice of levy. More fundamentally, the notion of claim preclusion contemplates meaningful incentive and a full and fair opportunity to participate in litigation by a party or its privy. *See Feightner v. Bank of Okla., N.A.,* 65 P.3d 624, 630 (Okla. 2003) ("In essence, preclusion doctrine fosters the important goal of affording finality to litigation where the same parties or their privies have once had a full and fair opportunity to litigate their claims."); *State ex rel. Moshe Tal v. City of Okla. City*, 61 P.3d 234, 245 (2002) ("For either [claim or issue preclusion] to be properly applied the party against whom it is interposed, or someone in privity with such party, must have had a full and fair opportunity to litigate the claim or critical issue."). Holding that the United States had "constructive possession" of Spencer's lawsuit, and therefore a full and fair opportunity to litigate, ignores reality and is an unfair result in this case. Based on the scant case law available on this topic, the United States did not have fair notice that it would need to intervene in the 2005 State Court Action or forever lose its right to sue Walters for breach of trust. Nor did it have incentive or desire to prosecute or assist in prosecuting a lawsuit initiated by Spencer against Walters, where the United States believed both were complicit in defrauding the IRS. Thus, claim preclusion does not apply based upon the United States' "constructive possession" of Spencer's interest in the 2005 State Court Action.

B.   Privity

Walters alternatively argues that the United States was in privity with Spencer, such that the United States is bound by Spencer's advocacy (or lack thereof) in the 2005 State Court Action. To be in privity, a party must "actually have the same interest, character, or capacity as the party against whom the prior judgment was rendered." *Hildebrand v. Gray*, 866 P.2d 447, 450-51 (Okla. Civ. App. 1993). "There are no hard and fast rules; the existence of privity depends upon the circumstances and requires a person so identified in interest with another that he represents the same legal right." *Wilson v. City of Tulsa*, 91 P.3d 673, 677 (Okla. Civ. App. 2004) (internal quotation omitted). Generally, a privy is defined as: 1) a non-party who has succeeded to a party's interest in property (a successor in interest); 2) a non-party who controlled the original suit; or 3) a non-party whose interests were adequately represented by a party in the original suit (through "virtual" or "adequate" representation). *See Doyle v. Smith*, 202 P.3d 856, 866 (Okla. Civ. App. 2008).

First, for the same reasons explained above, the United States is not a "successor in interest" to Spencer's losing judgment in the 2005 State Court Action and did not "control the original suit." Second, the United States and Spencer have an antagonistic relationship, Spencer was a convicted tax evader, and Spencer had referred to the IRS as "suck ass bastards" in documents creating the Trust. The Court is unwilling to label these two antagonistic parties as "privies" and hold that Spencer was "so identified in interest with" the United States that he can be said to have "represented the same legal right." *Wilson*, 91 P.3d at 677. Third, while there may be some cases where a fellow trust beneficiary is deemed in privity with another trust beneficiary and is therefore barred from later recovery against the trustee, *see, e.g.*, Restatement (Second) of Trusts § 220 (explaining that a beneficiary "may be barred by a decree of a proper court from holding the trustee

liable for a breach of trust"), it makes no sense to deem Spencer and the United States in "privity" as co-beneficiaries in this case. This is a unique situation in which the United States contends that Spencer, its fellow trust beneficiary, entered into the trust for the purpose of defrauding it and that the trustee was complicit in this endeavor. The United States did not have the same interest as Spencer in prosecuting the 2005 State Court Action against Walters. Its ultimate litigation strategy, asserted in this case, was to recover against Walters as the first transferee of a fraudulent transfer by Spencer. It has only been forced to resort to its "breach of trust" theory based upon this Court's rulings regarding Walters' individual liability on the transferee liability claim. In short, the United States had an entirely different set of interests, concerns, and goals in any litigation against Walters.

Finally, Spencer cannot be deemed to have "virtually" represented the United States in the 2005 State Court Action. *See Doyle*, 202 P.3d at 866 (explaining that this type of privity applies to a "non-party whose interests were adequately represented by a party in the original suit (through "virtual" or "adequate" representation)"); *see also Pelt v. Utah*, 539 F.3d 1271, 1282 (10th Cir. 2008) (explaining that, under doctrine of virtual representation, "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative"). Spencer, a criminally convicted tax evader, cannot be said to be so "closely aligned" with the United States as to be his virtual representative.

The United States was not a constructive party to the 2005 State Court Action and was not in privity with Spencer for purposes of the 2005 State Court Action. Therefore, Walters cannot establish the first element of claim preclusion. Walters shall not present evidence of this defense at trial, as it has been decided as a matter of law.

## II.     Interlocutory Appeal

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "Only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Federal Trade Comm'n v. Skybiz.com, Inc.*, 2001 WL 1673630, at *1 (N.D. Okla. Oct. 22, 2001) (citing *In re Flor*, 79 F.3d 281, 284 (2nd Cir.1996)).

The question of whether the United States' breach of trust claim is barred by the judgment in the 2005 State Court Action is not a controlling question of law as to which there is substantial ground for difference of opinion. Further, the Court finds no exceptional circumstances present that warrant departure from the general policy of postponing appellate review until entry of a final judgment. The Court has ruled on dispositive motions, and the case is set for a bench trial to begin January 23, 2013. The Court has no intention of further delaying resolution of this case.

Defendant Patrick G. Walters' Motion for Reconsideration Or, in the Alternative, For Certification of an Interlocutory Appeal (Doc. 88) is DENIED.

**IT IS SO ORDERED this 18th day of January, 2013.**

*Terence Kern*
**TERENCE KERN**
**United States District Judge**